Leon J. TOLEDANO
and
Esther C. Toledano, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 21435.

United States Court of Appeals
Fifth Circuit.

June 13, 1966.

Rehearing Denied Aug. 15, 1966.

deQuincy V. Sutton, Meridian, Miss., for petitioners.

Glen E. Hardy, Atty., Sheldon S. Cohen, Chief Counsel, I.R.S., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Marco Sonnenschein, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before JONES and WISDOM, Circuit Judges, and BREWSTER, District Judge.

JONES, Circuit Judge:

Leon J. Toledano was born in Palestine in 1900. When he was fifteen years of age, he moved to Corsica. He lived alternately in Palestine and Corsica until 1939, when he came to the United States. In 1939 he left the country for Canada and returned under an immigration visa. Toledano was a resident alien from that point throughout the years here in controversy. He was joined by his wife and four children in 1947.

From 1941 until 1945, Toledano was in the wholesale dry goods business in

Jackson, Mississippi. In 1945, he sold his business, Toledo Wholesale Company, but remained as manager. He moved to New Orleans in 1946 and opened a new establishment under the same name. He remained there until 1951, when he left the country for France and Israel. He returned and left the country again, for France. He did not return from this trip; he lives now in Mexico.

Toledano invested in enterprises other than his dry goods businesses. He owned land in Corsica, Palestine, and New Orleans. He had two investment accounts with brokerage houses. He invested in savings bonds and postal savings accounts. He had accounts, either checking, savings, or investment, in at least twenty-three banks during his residence in the United States.

The Commissioner of Internal Revenue, applying the net-worth method, determined Toledano had reported less than his entire income for the years 1944 through 1950.[1] The Tax Court upheld the Commissioner's determination with minor modifications and sustained assessment of civil fraud penalties for each year except 1948.[2] The first two years, 1944 and 1945, are barred by limitations if the finding of fraud is incorrect.[3] It has been stipulated that Toledano received no property through gift, inheritance, or repayment of loans during the years in question.

The Commissioner's right to use the net-worth method is not questioned. Toledano attacks not the method, but its application. His first argument deals with the opening net worth found by the Commissioner for December 31, 1943, particularly the disallowance of credit for undeposited cash on hand.

The Commissioner, sustained by the Tax Court, allowed no credit for cash on hand on December 31, 1943, other than that in Toledano's various bank accounts. Toledano offered no evidence of any hoard of cash and no argument that one existed other than a claim to have brought more money into the country in 1939 than he deposited in banks at that time. No evidence was offered to show that any of this alleged sum remained in 1944 or that, if any remained, it was held in cash rather than being deposited in the bank or invested in some other asset. Toledano's business activities were not such as to imply the need for a large supply of ready cash as in Phillips' Estate v. Commissioner, 5th Cir. 1957, 246 F.2d 209. See Merritt v. Commissioner, 5th Cir. 1962, 301 F.2d 484.

A taxpayer's net worth at a given date is a question of fact. The Tax Court is the finder of facts, and its determinations are not to be disturbed unless clearly erroneous. Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); Balthrope v. Commissioner, 5th Cir. 1966, 356 F.2d 28; Smith v. Commissioner, 5th Cir. 1964, 338 F.2d 627; Republic Nat'l Bank v. Commissioner, 5th Cir. 1964, 334 F.2d 348; Greer v. Commissioner, 5th Cir. 1964, 334 F.2d 20.

Where, as here, there is no evidence of an error by the Commissioner, no indication the Commissioner's determination was arbitrary as in *Phillips' Estate,* supra, and evidence in the record showing extensive use of the banks and indicating a disinclination to leave money idle, we think it would have been impossible for the Tax Court to have come to a different result. Certainly,

---

1. His wife, Esther C., is joined solely because joint returns were filed for 1949 and 1950.

2. Leon J. Toledano, 22 CCH Tax Ct. Mem. 984 (1963). The fraud penalty is assessed under 26 U.S.C.A. (I.R.C.1939) § 293(b), now 26 U.S.C.A. § 6653(b).

3. 26 U.S.C.A. (I.R.C.1939) § 275(a), now 26 U.S.C.A. § 6501(a), provides a limita-

tion period of three years. 26 U.S.C.A. (I.R.C.1939) § 276(a), now 26 U.S.C.A. § 6501(c) (1), vitiates the bar of limitations "[i]n the case of a false or fraudulent return with intent to evade tax * * *." Voluntary waivers of the statute were signed by the taxpayer for the remaining years under 26 U.S.C.A. (I.R.C. 1939) § 276(b), now 26 U.S.C.A. § 6501 (c) (4).

we cannot say the finding is clearly erroneous.

As no other serious objection to the opening net worth is presented, it must be taken as correct.

■■ Toledano attacks the Commissioner's computations of increases in net worth both generally and particularly. The general attack, that the Commissioner has not proven the various components of net worth at the ends of the various years, is met by the presumption of correctness which attaches to the Commissioner's determination of an additional tax owing to the Government and to the facts which support this determination. Price v. United States, 5th Cir. 1964, 335 F.2d 671; J. M. Perry & Co. v. Commissioner, 9th Cir. 1941, 120 F.2d 123; see Anderson v. Commissioner, 5th Cir. 1957, 250 F.2d 242, cert. den., 356 U.S. 950, 78 S.Ct. 915, 2 L.Ed.2d 844 (1958); Goldberg v. Commissioner, 5th Cir. 1956, 239 F.2d 316. The particular attacks must be considered in greater detail.

■■ When Toledano sold Toledo Wholesale Company in 1945, he retained the accounts receivable. The total of the accounts, $19,786.66, was included by the Commissioner in 1945 income to the extent it was collected and therefore reflected as an increase in assets. No accounts receivable were listed as assets at the commencement of 1945. Toledano cites this omission as error. Accounts receivable properly would be included as assets prior to collection only if Toledano were paying taxes on an accrual basis. See 2 Mertens, Federal Income Taxation §§ 12.01—21a. There is no indication in the record that this is so. The Commissioner's determination of deficiency and the proceedings below were conducted on the assumption that Toledano was a cash-basis taxpayer. On the state of this record, we cannot find the Tax Court erroneous on this point.

■■ Toledano contests the Commissioner's estimates of nondeductible, personal living expenses, which are added to the increases in net worth to determine income under the net-worth method. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954), reh. den., 348 U.S. 932, 75 S.Ct. 334, 99 L.Ed. 731 (1955). The sole probative evidence before the Tax Court was a stipulation as to a small portion of the estimated expenditures. Toledano contends that there is no evidence that living expenses for a given year, whatever they may have been, were not paid out of assets accumulated prior to the year involved. This is true, but it misses the point. If living expenses were paid out of previously acquired funds, this is reflected in a smaller increase in net worth for the year than otherwise would have been the case. As there is no possibility of receipt of nontaxable income, if living expenses were not paid out of assets, they must have come from current earnings. Thus, living expenses must be added to the increase in net worth to reflect income properly.

■ As to the amount of the living expenses, the Commissioner relies on his presumption of correctness. In the absence of rebutting evidence or a showing such evidence would be more than usually difficult to obtain, the Tax Court was justified in finding the presumption of correctness was not overcome. Cohen v. Commissioner, 10 Cir. 1949, 176 F.2d 394; J. M. Perry & Co. v. Commissioner, supra. Compare Phillips' Estate v. Commissioner, supra, with Merritt v. Commissioner, supra.

■ One contention by Toledano is of particular importance as it will determine the allocation of income between 1945, which is barred by limitation unless fraud is shown, and 1946, on which the statute has not run. Toledano cashed a check for $5,600 on December 31, 1945. He argues that he should be given credit for that much cash on hand at the beginning of 1946. The Commissioner points out that a deposit of $5,700 was shown to have been made on the same day at a different bank. This, plus the evidence relating to Toledano's usual banking practices and treatment of cash, is enough to justify the Tax Court in

finding that $100 was added to the withdrawal and the total immediately deposited. Its disallowance of credit for undeposited cash on hand at the commencement of 1946 is not erroneous.

The opening net worth on December 31, 1943, was not improper. The additions to and components of net worth for the several years were either stipulated or justifiably found by the Tax Court, including the net worth as of December 31, 1945, the opening date for the years which are not barred in the absence of fraud. The deficiencies in reported income and tax for all the years must be sustained.

■■■■■ We turn now to the question of fraud. It is clear the Commissioner has the burden of proving fraud. 26 U.S.C.A. (I.R.C.1939) § 1112, now 26 U.S.C.A. § 7454(a). The proof must be by clear and convincing evidence. Carter v. Campbell, 5th Cir. 1959, 264 F.2d 930; Eagle v. Commissioner, 5th Cir. 1957, 242 F.2d 635; Goldberg v. Commissioner, supra. The statute reads that "if any part of any deficiency is due to fraud with intent to evade tax" the fraud penalty may be imposed and the bar of limitations is avoided. 26 U.S.C.A. (I.R.C.1939) §§ 293(b), 276(a), now 26 U.S.C.A. §§ 6653(b), 6501(a). Thus, the Commissioner need only prove that some portion of the deficiency is due to fraud. Ginsberg v. Commissioner, 5th Cir. 1959, 271 F.2d 511. A finding of fraud by the Tax Court is generally treated as a fact finding which is not to be disturbed unless clearly erroneous. Helvering v. Keho, 309 U.S. 277, 60 S.Ct. 549, 84 L.Ed. 751 (1940); Steiner v. Commissioner, 7th Cir. 1965, 350 F.2d 217; Schroeder v. Commissioner, 8th Cir. 1961, 291 F.2d 649, cert. den., 368 U.S. 985, 82 S.Ct. 598, 7 L.Ed.2d 523 (1962); Kenney v. Commissioner, 5th Cir. 1940, 111 F.2d 374.

■■■■■ The Tax Court based its findings of fraud, in part, upon the showing that there was paid or credited to Toledano for each of the years 1944, 1945, 1946, 1947, 1949 and 1950 larger amounts of interest than were reported, and that during the years 1945, 1946 and 1947, there were paid to him larger amounts of dividends than were reported. The Tax Court made, as a further basis of its finding of fraud, a representation of Toledano to a prospective purchaser of a business owned by him that the earnings of the business were $36,000 in 1944 and $25,000 in the first six months of 1945, when he had reported a profit from the business of only $10,133.75 for 1944, and a loss from the business of $3,162.56 in 1945. The understatements of interest and dividend income were substantial and consistent. Being substantial and consistent these are evidence of fraud, but such evidence, without more, is not enough to carry the Commissioner's burden to establish fraud by clear and convincing evidence. Merritt v. Commissioner, 5th Cir. 1962, 301 F.2d 484. Evidence that the taxpayer was attempting to defraud another in a business transaction is not evidence of fraud with intent to evade tax.

■■■ Toledano's conduct, in a number of ways, points to an absence of tax fraud. He waived limitations and cooperated with investigating agents. We are forced to the conclusion that the Commissioner did not carry the burden of proof on the fraud issue.

The decision of the Tax Court for tax deficiencies for the years 1946 through 1950 is affirmed. The tax deficiencies for 1944 and 1945 are barred by limitations since the fraud finding, necessary to toll the limitation, cannot stand. The decision as to the fraud penalties is reversed. The cause is remanded to the Tax Court for further proceedings. Affirmed in part, reversed in part, and remanded.