**Leon J. TOLEDANO et al., Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 25431.**

United States Court of Appeals
Fifth Circuit.

Nov. 12, 1968.

deQuincey V. Sutton, Meridian, Miss., for petitioners.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Meyer Rothwacks, Joseph M. Howard, Marco S. Sonnenschein, Attys., Dept. of Justice, Washington, D. C., Lester R. Uretz, Chief Counsel, Christopher J. Ray, Atty., IRS, Washington, D. C., for respondent.

Before DYER and SIMPSON, Circuit Judges, and CABOT, District Judge.

PER CURIAM:

Petitioners seek review from the tax court regarding certain deficiencies for the years 1946 through 1950. When this case was previously before this court, we reversed a finding of fraud for the years 1944 through 1950 (except for 1948), and affirmed as to the determination of deficiencies by the net worth method for 1946 through 1950. Toledano v. Com'r., 362 F.2d 243 (5th Cir. 1966). Since the reversal of the fraud finding resulted in a barring of the years 1944 and 1945, because of the Statute of Limitations, we remanded to the tax court for further proceedings. Upon remand, petitioners moved for a reconsideration, claiming a change in the law. This motion was denied, the deficiencies were recomputed in view of our opinion, and the tax court entered its order on the remand on May 26, 1967. Petitioners filed this petition for review on July 19, 1967.

The Commissioner moved to dismiss the appeal for lack of jurisdiction under 26 U.S.C. § 7481(3) (B). After remand from the Court of Appeals, the tax court's decision on the remand becomes final unless petition for review is filed within thirty days. Here the petition was not filed within the time limit of this statute. Accordingly, the tax court's decision is final and this Court lacks jurisdiction for review.

The Commissioner's motion to dismiss is hereby granted and these proceedings are dismissed for lack of jurisdiction.