WILLIAM SCHUCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schuck v. Commissioner
Docket No. 30778-81.
United States Tax Court
T.C. Memo 1984-159; 1984 Tax Ct. Memo LEXIS 517; 47 T.C.M. (CCH) 1392; T.C.M. (RIA) 84159; March 29, 1984. William Schuck, pro se. Rona Klein, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a statutory notice dated September 28, 1981, respondent determined a deficiency of $938.00 in petitioner's Federal income tax liability for 1979 and an addition to tax of $46.90 pursuant to section 6653(a) [1]. The only issues for our decision are whether petitioner received unreported taxable income of $4,194.00 and whether petitioner is liable for the addition to tax pursuant to section 6653(a). *518 FINDINGS OF FACT The following facts are adduced from the trial of the case, which was held on January 16 and 20, 1984, in New York City. Petitioner, William Schuck, resided in Hicksville, New York, at the time of filing his petition herein. Petitioner was employed as a teacher by the Hicksville Union Free School District in Hicksville, New York, and reported wages of $21,859.82 on his timely filed 1979 Federal income tax return. In 1981, respondent received information that petitioner received, during 1979, income as a distributor of Sam Andy Foods (Sam Andy). An audit was initiated by respondent and petitioner was requested to produce his records pertaining to his 1979 income and expenses. Petitioner appeared at the scheduled time and place, but refused to produce any records. In the absence of petitioner's records, respondent used statistical estimates of petitioner's expenses to determine petitioner's income. Petitioner admits he was a distributor for Sam Andy but denies making any profit therefrom. According to petitioner, his participation was limited to two types of transactions: (1) acting as an unpaid agent in ordering food from Sam Andy in bulk on behalf *519 of a group of friends in order to obtain quantity discounts; and (2) purchasing food for his own family and selling to others what his family did not need. Petitioner acknowledged that he had books and records at his home concerning his purchases from Sam Andy and his sales to third parties, but he refused to produce them. The trial was adjourned on Monday, January 16, 1984, and reconvened on Friday, January 20, 1984, for the purpose of allowing petitioner to produce his records. Petitioner did not appear on January 20, 1984, and he did not produce any of the records. Petitioner asserts that respondent acted arbitrarily in computing his living expenses. Petitioner also objects to producing his books and records and claims that such a requirement violates his Fifth Amendment rights under the United States Constitution. Lastly, petitioner contends that the presumption in favor of respondent's determination of a deficiency results in petitioner being presumed "guilty until proven innocent." OPINION All taxpayers are required to maintain records pertaining to their tax liabilities and to make those records available to authorized agents of the Internal Revenue Service when *520 required to do so. Section 6001 provides that "every person liable for any tax imposed by this title [including the income tax], or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary or his delegate may from time to time prescribe." Section 1.6001-1, Income Tax Regs., is a regulation promulgated under the foregoing statute and provides in relevant part as follows: (a) In general. * * * any person subject to tax under subtitle A of the Code * * * or any person required to file a return of information with respect to income, shall keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information. Also, Section 7602 provides in relevant part as follows: For the purpose of ascertaining the correctness of any return, * * * determining the liability of any person for any internal revenue tax * * * or collecting any such liability, the Secretary is authorized-- (1) To examine any books, papers, *521 records, or other data which may be relevant or material to such inquiry; * * * Therefore, despite his claims to the contrary, in being requested to produce his records, petitioner is not being subjected to a requirement which is not also imposed upon all other taxpayers. Petitioner's dilemma is entirely of his own making. He refused repeatedly to produce, both at the audit and at the trial, the books and records which he admittedly possesses. The trial was recessed for the express purpose of affording him the opportunity to do so. Despite reassurances from the Court that if in fact he was telling the truth, production of the books and records could only help him, petitioner persisted in clinging to his constitutional objections, which were based on nothing more than generalized and unfounded fears that other governmental agencies might obtain the records and use them against him. There is no evidence indicating that the respondent's investigation has been anything other than an attempt to verify petitioner's civil tax liability. Petitioner was advised by the Court that a criminal prosecution of him was highly unlikely. The privilege against self-incrimination does not *522 apply where the possibility of criminal prosecution is remote or unlikely. Rogers v. United States,340 U.S. 367, 374 (1951). Where there is only a slight possibility that information made available to the government could possibly lead to criminal prosecution, that slight possibility does not justify a refusal to provide the information. See Boren v. Tucker,239 F.2d 767, 772 (9th Cir. 1956); Durovic v. Commissioner,54 T.C. 1364, 1391-1393 (1970), affd. in part on other issues and revd. in part on other issues 487 F.2d 36 (7th Cir. 1973). The Fifth Amendment privilege would apply only where there is a real and appreciable danger of self-incrimination and reasonable cause to apprehend such danger. Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), affg. per curiam an unreported decision of this Court. Petitioner has failed to demonstrate any such real or appreciable danger. Petitioner claims that respondent is acting arbitrarily in basing his adjustments upon statistical estimates of petitioner's cost of living rather than on petitioner's actual standard of living, which he claims to *523 be lower than average. However, statistical estimates have been previously upheld by this Court as reasonable where, as in the present case, sufficient information was not available for a more precise calculation. In Giddio v. Commissioner,54 T.C. 1530 (1970), agents of the Internal Revenue Service had reason to believe that the taxpayer was engaged in bookmaking activities, but were unsuccessful in obtaining the taxpayer's books and records necessary to determine his income tax liability. The agent then made estimates, based on data compiled by the Bureau of Labor Statistics, of the cost of supporting a family the size of the taxpayer's in New York City. The estimates were utilized in the preparation of the notice of deficiency. This method of determining income was approved with the following language: Where as in this case, there is evidence of taxable income but no information can be acquired to ascertain the amount of such income, we do not think it is arbitrary for the Commissioner to determine that the taxpayer had income at least equal to the normal cost of supporting his family. Cf., e.g., Toledano v. Commissioner,362 F.2d 243, 246 *524 (C.A. 5, 1966), affirming in part a Memorandum Opinion of this Court [footnote reference ommitted]. Respondent's determination is not made arbitrary or unreasonable because of his failure to have all the facts when the failure is caused solely by the taxpayer. A taxpayer cannot be allowed to thwart a bona fide investigation so easily and benefit thereby. Roberts v. Commissioner,62 T.C. 834, 837 (1974). Since the method used by respondent in determining the amount of the deficiency was not arbitrary, the notice of deficiency in this case is entitled to the ordinary presumption of correctness. Welch v. Helvering,290 U.S. 111 (1933). The burden of proof is upon petitioner to establish that the determinations therein are incorrect. Rule 142 [2] Tax Court Rules of Practice and Procedure. Petitioner's only evidence was his own testimony that all the income he received was reflected on his return. Petitioner's bare assertion that his return was correct does not in itself satisfy his burden of proof. See Geiger v. Commissioner,440 F.2d 688 (9th Cir. 1971), affg. per curiam a Memorandum Opinion of this Court, cert. denied 404 U.S. 851 (1971); *525 Halle v. Commissioner,7 T.C. 245 (1946), affd. 175 F.2d 500 (2d Cir. 1949). This is particularly true where petitioner has evidence within his control which he asserts would support his position, but he refuses to produce it. The failure to a party to introduce evidence which is within his control gives rise to the presumption that, if provided, it would be unfavorable. O'Dwyer v. Commissioner,266 F.2d 575, 584 (4th Cir. 1959), affg. 28 T.C. 698 (1957), cert. denied 361 U.S. 862 (1959); Stoumen v. Commissioner,208 F.2d 903, 907 (3rd Cir. 1953), affg. a Memorandum Opinion of this Court. Under the circumstances, we must presume that petitioner's books and records do not support his assertion that he derived no profit from his food distribution activities. Accordingly, we find for respondent as to the underlying deficiencies. The final issue for our consideration is whether petitioner is liable for the addition to tax for negligence or *526 intentional disregard of rules and regulations pursuant to Section 6653(a). Petitioner did not address this issue. Respondent's determination of negligence is presumptively correct and will generally be upheld, unless the taxpayer rebuts the presumption. See, among others, Estate of Campbell v. Commissioner,56 T.C. 1, 14 (1971); Inter-American Life Insurance Co. v. Commissioner,56 T.C. 497, 512 (1971), affd. per curiam 469 F.2d 697 (9th Cir. 1972); and McGahen v. Commissioner,76 T.C. 468, 484 (1981), affd. without published opinion 720 F.2d 664 (3rd Cir. 1983).We therefore find for respondent on this issue. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all references to sections are to the Internal Revenue Code of 1954, as amended, and in effect during 1979.↩
2. Petitioner's argument that this rule results in a taxpayer being presumed guilty until proven innocent is erroneous and merits no discussion.↩