JOHN K. MCDOUGALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McDougall
Docket No. 22201-90
United States Tax Court
T.C. Memo 1992-683; 1992 Tax Ct. Memo LEXIS 723; 64 T.C.M. (CCH) 1405; November 30, 1992, Filed *723 For John K. McDougall, pro se. For Respondent: Stephen S. Ash. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for tax year 1987 in the amount of $ 1,848, an addition to tax under section 6651(a)(1) in the amount of $ 462, additions to tax under section 6653(a)(1)(A) and (B) in the amount of $ 92.40 and 50 percent of the interest with respect to the portion of the underpayment due to negligence, and an addition to tax under section 6654(a) in the amount of $ 100. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Arizona when he filed his petition. The issues for decision are: (1) Whether petitioner is relieved of his burden of proof by virtue of the Fifth Amendment prohibition against compelled self-incrimination; (2) whether petitioner *724 is exempt from filing a Federal income tax return because Form 1040 has not been promulgated in accordance with the Paperwork Reduction Act, fully cited infra; (3) whether petitioner is liable for a deficiency in tax as determined by respondent; (4) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for failure to file a return; (5) whether petitioner is liable for additions to tax pursuant to section 6653(a)(1)(A) and (B) for negligence; (6) whether petitioner is liable for an addition to tax pursuant to section 6654(a) for failure to pay estimated tax; and (7) whether petitioner is liable for a penalty pursuant to section 6673(a)(1) for instituting and maintaining proceedings primarily for delay. Petitioner failed to file a Federal income tax return for tax year 1987. Petitioner received self-employment income in the amount of $ 9,020 and $ 61 in interest income. Petitioner is married and lives in Arizona, a community property State, but in tax year 1986 filed separately. Respondent determined that, for tax year 1987, petitioner and his wife should not be treated under the community property system of Arizona but that petitioner's income should *725 be taxable entirely to him. In his petition and on brief, petitioner raised a number of tax protester arguments. At trial he abandoned all but the contention that he need not file a Federal income tax return because Form 1040 has not been promulgated in accordance with the Paperwork Reduction Act of 1980, 44 U.S.C. secs. 3501-3520 (1988). Further, petitioner argued that the Fifth Amendment privilege against self-incrimination relieves him of the duty to bring forth evidence in this case. Fifth Amendment Privilege
Petitioner argued at trial that if he were to carry his burden of going forward with evidence to establish his correct tax liability, he would thereby be compelled to incriminate himself. His reason is that he has been categorized as an "illegal tax protestor". Consequently, he contends that he cannot file a tax return or bring forth evidence to establish his tax liability, until he is no longer so categorized, as any evidence he produces can be used against him in a criminal prosecution. It is well established that the requirement that taxpayers file returns does not violate a taxpayer's privilege against self-incrimination under the Fifth Amendment. [1]United States v. Sullivan, 274 U.S. 259 (1927); *726 White v. Commissioner, 72 T.C. 1126 (1979); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). Petitioner proposes a variant on this argument, namely that, having been classified by the Internal Revenue Service as a tax protester, he now does not dare to file returns or produce evidence of his income for fear that any information he produces may be used against him in a criminal prosecution.
Petitioner cites United States v. Argomaniz, 925 F.2d 1349, 1352-1353 (11th Cir. 1991), for the proposition that the Fifth Amendment privilege against self-incrimination can be asserted "in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory." Petitioner ignores, however, *727 that the Argomaniz case goes on to say that the taxpayer seeking the protection of the privilege "must provide more than mere speculative, generalized allegations of possible tax-related prosecution. . . . The taxpayer must be faced with substantial and real hazards of self-incrimination." Id. at 1353 (citing United States v. Reis, 765 F.2d 1094, 1096 (11th Cir. 1985)). The Argomaniz case holds that "The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself -- his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified". Id. at 1355 (citing Hoffman v. United States, 341 U.S. 479, 486 (1951)). Petitioner did not claim to be under criminal investigation for the year in issue. Petitioner's Fifth Amendment claim is without merit. Beam v. Commissioner, T.C. Memo. 1990-304, affd. without published opinion 956 F.2d 1166 (9th Cir. 1992). The case before us is analogous to United States v. Carlson, 617 F.2d 518 (9th Cir. 1980), *728 in which the taxpayer initially claimed 99 withholding exemptions and asserted the Fifth Amendment privilege to avoid filing a properly completed tax return, as in so doing he would have had to acknowledge that he had filed a false withholding claim. In the case before us, petitioner adopted the stance of a tax protester and then argued that, as a result of being classified as a tax protester, he was entitled to claim a blanket Fifth Amendment privilege with respect to questions posed at trial concerning his tax liability. Like the taxpayer in the Carlson case, petitioner seeks to use the Fifth Amendment as a sword rather than as a shield. If we were to accept petitioner's argument, citizens who did not wish to pay taxes could avoid paying them by advancing protester arguments and then invoking the Fifth Amendment. We reject the contention that by interposing tax protester arguments petitioner can maneuver himself into a position in which he is protected from disclosure of information concerning his 1987 tax liability, when no such protection exists. Alleged Defects in Federal Income Tax Forms
We turn next to petitioner's argument that Form 1040 is promulgated in violation *729 of the Paperwork Reduction Act, supra, and that, consequently, he is not required to file a Federal income tax return. This is a variant of the generic tax protester argument, which the courts have uniformly rejected. It is an argument based on the hope that some technicality, some loophole in the very law with which petitioner does not wish to comply, exempts him from the application of that law. Petitioner's arguments concerning the illegality of Form 1040 under the Paperwork Reduction Act, supra, are entirely without basis. Petitioner's argument advanced at trial that Form 1040 lacks the Privacy Act and Paperwork Reduction Act Notice is incorrect. The statement appears on page 3 of the instructions to Form 1040. Petitioner also raised on brief the argument that Form 1040 for 1987 fails to display an Office of Management and Budget control number. The regulations issued pursuant to the Paperwork Reduction Act, supra, provide: "An agency shall not engage in a collection of information without obtaining Office of Management and Budget (OMB) approval of the collection of information and displaying a currently valid OMB control number". 5 C.F.R. sec. 1320.4 (1985). *730 The regulations further provide that "no person shall be subject to any penalty for failure to comply with any information collection request if the request does not display a currently valid OMB control number". 5 C.F.R. sec. 1320.5(a) (1985); see 44 U.S.C. secs. 3507(f), 3512 (1988). The Internal Revenue Service has obtained OMB approval of the process of collecting information through Federal income tax returns. These numbers are set forth in section 602.101(c), Statement of Procedural Rules, opposite the applicable sections in the Income Tax Regulations which authorize the collection of information. The OMB number appears on Form 1040 for 1987 in the upper right-hand corner of the form. The United States Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie, has emphatically rejected arguments concerning the illegality of Federal income tax forms due to lack of OMB numbers. United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir. 1991), held that, even if the IRS had failed to comply with the Paperwork Reduction Act, its alleged failure did not invalidate its forms or penalties, as the purpose of the Paperwork Reduction *731 Act was to restrain agencies which sought information on their own initiative. The mandate for collecting Federal income tax information comes from Congress. See United States v. Saunders, 951 F.2d 1065 (9th Cir. 1991) (holding IRS summons valid against challenge based on Paperwork Reduction Act). Petitioner's arguments concerning technical defects in Form 1040 have no merit. Deficiency Determination
Respondent determined a deficiency of $ 1,848 in petitioner's Federal income tax. Petitioner stipulated to the amount of his income. He objects, however, to respondent's refusal to consider the community property system of Arizona and the determination that petitioner's income was entirely his own. The determination of respondent is presumed to be correct, and petitioner bears the burden of proving that respondent erred in her determination. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). The burden of proof with respect to the application of the community property law of Arizona similarly rests with petitioner. Toledano v. Commissioner, T.C. Memo. 1963-200, affd. in part *732 and revd. in part 362 F.2d 243 (5th Cir. 1966). Petitioner has produced no evidence to establish error in respondent's determination. We therefore sustain respondent's deficiency determination for tax year 1987. Addition to Tax Under Section 6651(a)(1)
Respondent determined that petitioner was liable for the addition to tax under section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not to willful neglect. Petitioner bears the burden of proof. Rule 142(a); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). Petitioner does not dispute the fact that he failed to file a return for 1987 and has brought forth no evidence of reasonable cause for failure to file. We therefore hold that petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file a return. Additions to Tax Under Section 6653(a)(1)(A) and (B)
Respondent also determined that petitioner is liable for the additions to tax under section 6653(a)(1)(A) and (B) for negligence or intentional disregard of rules *733 or regulations. Negligence under section 6653 means lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner has the burden of proving that respondent's determination of the additions to tax is erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). We find under the circumstances of this case that petitioner was negligent. Delinquent filing of a return, involving disregard of a known legal duty, constitutes negligence. Emmons v. Commissioner, 92 T.C. 342 (1989), affd. 898 F.2d 50 (5th Cir. 1990); Burglass v. Commissioner, T.C. Memo. 1979-246. Furthermore, petitioner has brought forth no legal basis for his positions, but has merely reiterated oft-rejected and frivolous tax protester arguments. Addition to Tax Under Section 6654(a)
Respondent determined that petitioner is liable for the addition to tax under section 6654(a) for underpayment of estimated tax. Where prepayments of tax, *734 either through withholding or by making estimated tax payments quarterly during the course of the year, do not equal the percentage of total liability required under the statute to be paid as estimated tax, imposition of the addition is mandatory, unless the taxpayer shows that one of the several statutory exceptions applies. Sec. 6654; Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980); Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960). Petitioner here has made no showing, and therefore is liable for such additions to tax. Penalty Under Section 6673(a)(1)
At trial, respondent filed a Motion for Penalties under section 6673. Section 6673(a)(1) provides in pertinent part: (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or * * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. The record in this case *735 establishes that petitioner John K. McDougall instituted and maintained this proceeding primarily for delay. He has raised only the tired, discredited arguments which are characteristic of tax protester rhetoric and which have been totally rejected by this Court and other courts. The purpose of section 6673(a)(1) is to compel a taxpayer to think and to conform his conduct to settled principles before he litigates. A petition to the Tax Court is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). On the basis of established law, petitioner's position in this case is both frivolous and groundless. Because we find that this proceeding has been instituted and maintained by petitioner primarily for delay and that his position is both frivolous and groundless, respondent's motion is granted and we impose a $ 1,000 penalty on petitioner. An appropriate order and decision will be entered. Footnotes
1. The Fifth Amendment provides that "No person * * * shall be compelled in any criminal case to be a witness against himself". U.S. Const. amend. V↩.