# United States Court of Appeals for the Fifth Circuit

---

No. 22-60204
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2022

Lyle W. Cayce
Clerk

Michael R. Lowe,

*Petitioner—Appellant*,

*versus*

Commissioner of Internal Revenue,

*Respondent—Appellee.*

---

Appeal from a Decision of the
United States Tax Court
Tax Court No. 10954-20

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.
Jacques L. Wiener, Jr., *Circuit Judge*:[*]

Appellant Michael Lowe appeals the Tax Court's decision on his tax deficiencies. Lowe was given ample warning of the frivolous nature of his claims, yet here we are.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60204

In 2017, Lowe was employed by AltairStrickland LLC as a "site quality manager." That year, he received $193,068.81 for his work. Lowe claims no tax liability on this amount, because—in his own words—these "payments were not the result of any federal taxable activity whatsoever, were private, non-reportable, and did not constitute any excise amount of gains, profits, or income subject to any relevant income tax law of the United States." Unsurprisingly, the Tax Court found all of that inapposite, correctly applying well-established law to a clear record.[1]

Because the Tax Court entered its decision after a trial on the merits, we review its findings of fact for clear error and its conclusions of law *de novo. See Green v. Comm'r,* 507 F.3d 857, 866 (5th Cir. 2007) ("Clear error exists when [we are] left with the definite and firm conviction that a mistake has been made.").

As this court has noted time and time again, "[w]e perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."[2] *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984); *see also Williams v. Comm'r*, 801 F. App'x 328, 329 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1067 (2021).

The record is clear that Lowe was provided ample opportunity to present his case to his fullest ability. The Tax Court was not obligated to accept Lowe's self-assessment—which simply states that his tax liability was

---

[1] At trial, Lowe affirmed that the source of these funds was his "work at AltairStrickland" and that he used this money to pay his mortgage, utilities, and other expenses.

[2] On appeal, Lowe accuses the Tax Court and government counsel of "extortion," conspiracy and other unlawful acts. Putting aside that these issues were brought here in the first instance, Lowe cites only statutes without regard for caselaw or addressing key assumptions premised on his misinterpretation of the tax code.

No. 22-60204

$0—or his testimony regarding that assessment. *See New England Merchants Nat. Bank v. Rosenfield*, 679 F.2d 467, 473 (5th Cir. 1982) (reasoning that "neither [the trial or appellate] court is required to accept, as credible, unsupported self-serving testimony that flies in the teeth of unimpeachable contradictory evidence and universal experience"). We find no reason to depart from, or add to, the Tax Court's thorough decision that Lowe had received unreported taxable income and that he failed to demonstrate that the government's assessment was arbitrary or erroneous. *See Toledano v. Comm'r*, 362 F.2d 243, 245 (5th Cir. 1966).

We now turn to Appellee Commissioner of Internal Revenue's motion for sanctions against Lowe. The Internal Revenue Code authorizes us to impose a penalty in cases "where the decision of the Tax Court is affirmed and it appears that the appeal was instituted or maintained primarily for delay or that the taxpayer's position in the appeal is frivolous or groundless." 26 U.S.C. § 7482(c)(4). The Tax Court graciously spared Lowe of sanctions but warned him that the further advancement of frivolous arguments may prove otherwise.

Having granted Lowe the courtesy of a response to the possibility of sanctions, we have no concern with the imposition of sanctions for his frivolous appeal. Appeals are frivolous when the result is obvious or the arguments of error are wholly without merit. *Buck v. United States,* 967 F.2d 1060, 1062 (5th Cir. 1992). This court is no stranger to sanctions in similarly baseless tax cases. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). The Commissioner requests a lump-sum sanction of $8,000 and provides persuasive reasoning of that calculation. We agree that this amount is fair, and conclude that imposing a lump sum sanction, in lieu of costs, conserves the same government and judicial resources which Lowe is keen to waste.

No. 22-60204

We AFFIRM the decision of the Tax Court, and GRANT the Commissioner's motion for sanctions in the amount of $8,000 against Lowe.