C. DENNIS BORING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boring v. Commissioner
Docket No. 7106-87
United States Tax Court
T.C. Memo 1990-267; 1990 Tax Ct. Memo LEXIS 286; 59 T.C.M. (CCH) 738; T.C.M. (RIA) 90267; May 30, 1990, Filed C. Dennis Boring, pro se. Claire Priestley-Cady, for the respondent. JACOBS, Judge. JACOBS
*1004 MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
Sec. 6654
1979
$ 6,690
$ 1,670
$ 334  $ 280
1980
4,894
1,224
245  309
1982
336
84
17 *
33
1983
1,357
314
68 *
77
The issues for decision are whether: (1) petitioner had unreported taxable income in amounts as determined by respondent; *289 (2) petitioner is liable for the addition to tax for failure to file pursuant to section 6651(a)(1); (3) petitioner is liable for the additions to tax for negligence pursuant to section 6653(a); (4) petitioner is liable for the addition to tax for failure to make estimated tax payments pursuant to section 6654(a); and (5) an award should be made to the United States pursuant to section 6673. FINDINGS OF FACT At the time of filing his petition, petitioner resided in Oroville , California. During the years in issue, he received unreported compensation as follows: Year
Amount
Type of Compensation
1979
$ 24,573 Wages
1980
1,732 Wages
1980
1,939 Unemployment
1980
14,035 Commissions
1982
3,090 Commissions
1983
155 Unemployment
1983
12,191 Wages
At trial, asserting his Fifth Amendment privilege against self-incrimination, petitioner refused to testify unless granted immunity from criminal prosecution. He gave no reasons for his fear of prosecution. Respondent's counsel stated that petitioner was not the subject of any criminal investigation. *1005 Petitioner also refused to admit uncontroverted facts. Petitioner claims he *290 filed returns for each of the four years involved; respondent has no record of such returns. Petitioner admits that said returns did not set forth any amounts of income or deductions but rather contained a notation that petitioner objected to providing such information on the grounds that any such information could be used to incriminate him. Petitioner is a college graduate and is aware of his duty to file tax returns. OPINION At the outset, we note procedurally that respondent's determinations are presumptively correct, and that petitioner bears the burden of proving otherwise by a preponderance of the evidence. Welch v. Helvering, 290 U.S. 111, 115 (1933); Rule 142(a). A taxpayer cannot satisfy his burden merely by asserting a Fifth Amendment privilege where no specific circumstances are given to indicate the likelihood of self-incrimination. "A valid Fifth Amendment objection may be raised only to questions which present 'a real and appreciable danger of self-incrimination.'" McCoy v. Commissioner, 696 F.2d 1234, 1236 (9th Cir. 1983) (citation omitted). The Fifth Amendment privilege may not be used as a method of evading taxes. Edwards v. Commissioner, 680 F.2d 1268, 1271 (9th Cir. 1982). *291 Petitioner provided no facts to support his assertion of fear of prosecution. We find his claim to be without merit. We now turn to the substantive issues. Petitioner refused to provide the Internal Revenue Service with information regarding his tax liability for the years in issue. Respondent obtained information as to the compensation received by petitioner from the payors of such compensation. Clearly, the wages and commissions received by petitioner constitute gross income and are taxable. Section 61(a)(1); Glenshaw Glass Co. v. Commissioner, 348 U.S. 426 (1955). Unemployment compensation is includable in one's gross income if the taxpayer's modified adjusted gross income (as defined in section 1.85-1(b)(2), Income Tax Regs) exceeds a statutory base amount. Section 85. For 1980, such statutory base amount was $ 20,000. Here, the sum of petitioner's adjusted gross income and unemployment compensation ($ 17,706) in 1980 did not exceed the statutory base amount; accordingly, the amount of unemployment compensation petitioner received in 1980 ($ 1,939) is not includable in his gross income. For 1983, the statutory base amount *292 was $ 12,000. In that year, petitioner received $ 12,191 in wages. Since the amount of wages petitioner received exceeded the statutory base amount, a mathematical computation is required under section 85(a) [2] to determine the amount of unemployment compensation to be included in petitioner's 1983 gross income. Since the amount of the unemployment compensation petitioner received in 1983 ($ 155) is less than one-half of the excess of the sum of said unemployment compensation benefits and petitioner's adjusted gross income ($ 155 + $ 12,191 = $ 12,346) over the base amount ($ 12,000) (said excess being $ 346; one-half of the excess being $ 173), the entire amount of unemployment compensation petitioner received in 1983 is includable in his gross income. *293 We now turn our attention to the additions of tax determined by respondent. Section 6651(a)(1) imposes an addition to tax when a taxpayer fails to timely file a return, unless such failure is due to reasonable cause and not due to willful neglect. Petitioner bears the burden of proving that the section 6651(a)(1) addition to tax does not apply. BJR Corp. v. Commissioner, 67 T.C. 111, 130 (1976); Shoemaker v. Commissioner, 38 T.C. 192, 202 (1962); Rule 142(a). Petitioner was required to file returns in each year in issue. Section 6012(a)(1)(A). Under section 6651(a)(1), absent reasonable cause or extensions, petitioner's returns were due by April 15 of each succeeding year. Section 6072(a). Because petitioner did not prove that his failure to file was due to reasonable cause, we sustain respondent's determination of the section 6651(a)(1) additions to tax. Section 6653(a) [3] provides that, if any part of any underpayment of tax is due to negligence or *1006 intentional disregard of rules and regulations, there shall be added to the tax an amount equal to five percent of the underpayment. Under section 6653(a), negligence is the lack *294 of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner failed to produce any evidence to rebut respondent's determination that the underpayments were attributable to negligence. We, therefore, sustain respondent's determination. *295 Section 6654(a) mandates an addition to tax where prepayments of tax, either through withholding or by making quarterly estimated payments during the year, do not equal certain percentages specified under the statute, unless the taxpayer comes within one of several exceptions not applicable herein. Section 6654; Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980); Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960). Although certain amounts were withheld from petitioner's income in 1979 and 1980, such amounts do not meet the prepayment requirements of section 6654(a). Accordingly, respondent's determination with respect to the additions to tax under section 6654(a) is sustained for all of the years in issue. The final issue for decision is whether an award should be made to the United States pursuant to section 6673. Section 6673 provides for a monetary award to the United States if the taxpayer instituted or maintained proceedings before this Court primarily for delay, if the taxpayer's position in a proceeding before this Court is frivolous or groundless, or if the taxpayer unreasonably failed to pursue available administrative remedies. *296 After reviewing the record in this case, we find petitioner's position to be frivolous and groundless. Petitioner, an educated individual, was clearly aware of his duty to file tax returns. He failed to cooperate with respondent's counsel in pretrial matters. Simply stated, he is yet another in a seemingly unending parade of taxpayers determined to flood this Court with frivolous and groundless claims, which results in an unnecessary expenditure of this Court's time and resources. We, therefore, award the United States $ 5,000 under section 6673. [4]
To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Plus 50 percent of the interest due on the entire underpayment. ↩
2. SEC. 85. UNEMPLOYMENT COMPENSATION. (a) In General. -- If the sum for the taxable year of the adjusted gross income of the taxpayer (determined without regard to this section and without regard to section 105(d)) and the unemployment compensation exceeds the base amount, gross income for the taxable year includes unemployment compensation in an amount equal to the lesser of -- (1) one-half of the amount of the excess of such sum over the base amount, or (2) the amount of the unemployment compensation.↩
3. Prior to its amendment in 1981, section 6653(a) read as follows: (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME OR GIFT TAXES. -- If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. Applicable to taxes the last date prescribed for payment of which was after December 31, 1981, section 6653(a) was amended to read as follows: (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME, GIFT, OR WINDFALL PROFIT TAXES. -- (1) IN GENERAL. -- If any part of any underpayment (as defined in subsection (c)(1)) of subtitle B or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. (2) ADDITIONAL AMOUNT FOR PORTION ATTRIBUTABLE TO NEGLIGENCE. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to the negligence or intentional disregard referred to in paragraph (1), and (B) for the period beginning on the last date prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax).↩
4. Petitioner filed a motion for judgment against respondent in the amount of $ 10,000 pursuant to Title 18 U.S.C. 241 (1982)↩. Such motion is without merit; it is denied.