ESTATE OF BARNEY RUBEN, DECEASED, ELLIS H. SCHECHTMAN, EXECUTOR, AND BIRDIE G. RUBEN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84148. Filed March 31, 1960.

*Benjamin Becker, C.P.A.*, for the petitioners.
*Glen Hardy, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency for 1955 represented solely by an addition to tax under section 6654(a) in the amount of $1,872.32 against Barney and Birdie G. Ruben, husband and wife. The petition was filed by the executor of the estate of Barney, deceased, and Birdie. The Commissioner then moved for judgment on the ground that the petition did not state a cause of action. The petitioners filed objections and the parties were heard on the motion. The petitioners concede that all material facts are in the petition. Those facts are assumed to be true for the purpose of the motion.

Section 6654(a) of the 1954 Code provides for an addition to the tax "[i]n the case of any underpayment of estimated tax by an individual, except as provided in subsection (d)." The only provision of subsection (d) which the petitioners claim has any possible applicability to the present case is (d)(1)(C). It provides that the addition shall not be imposed if the total amounts of all payments of estimated tax on or before the last date prescribed for their pay-

ment equals or exceeds 70 per cent of the tax for the taxable year computed as described in (C).

Barney and Birdie filed a declaration of income tax for 1955 showing as estimated tax an amount in excess of the tax on Barney's usual salary and dividends. However, during 1955 the couple had unusual income from the redemption in that year of $400,000 par value of United States E, F, and G bonds and the consequent receipt of interest exceeding $136,000. The declaration did not take this interest into account and, as a result, the tax paid pursuant to the declaration and by withholding was "2.2% short of the amount required to be paid by the taxpayers" to come within the exception of section 6654(d)(1)(C) and thus avoid imposition of the additional tax provided in subsection (a).

Counsel for the petitioners recognizes that his case does not come within the exception. His argument is that extenuating circumstances justify relief of his clients from the addition. This section has no provision relating to reasonable cause and lack of willful neglect. It is mandatory and extenuating circumstances are irrelevant. The facts do not bring these petitioners within the 70 per cent exception relied upon, and the Court must hold for the Commissioner.

*Decision will be entered for the respondent.*