ARTHUR EVERETT SMALL, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Small v. Commissioner
Docket No. 7087-71
United States Tax Court
T.C. Memo 1976-364; 1976 Tax Ct. Memo LEXIS 40; 35 T.C.M. (CCH) 1656; T.C.M. (RIA) 760364; November 30, 1976, Filed Arthur Everett Small, Jr., pro se. John D. Moats, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined the following deficiency in petitioner's Federal income tax for the taxable year 1966 and additions to tax as follows: Additions to Tax, I.R.C. 1954 Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a)
$8,980
$2,245 $449
$209.54
A concession having been made by petitioner, the following issues are presented for our decision: (1) Whether petitioner received unreported taxable income in the amount of $26,500 during *41 the taxable year 1966; and (2) Whether petitioner is liable for the additions to tax under sections 6651(a), 6653(a), and 6654(a), Internal Revenue Code of 1954, [1] as determined by respondent. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioner Arthur Everett Small, Jr., resided in Canon City, Colorado, at the time he filed his petition in this proceeding. Petitioner did not file a Federal income tax return for the taxable year 1966. During April or May 1966, petitioner contacted Mrs. Margaret A. Spurgeon, an eighty-six year old widow residing in Boulder, Colorado, and convinced her that he was a Federal agent investigating local banks which were maintaining false sets of books for the purpose of misappropriating their customers' deposits. Petitioner persuaded Mrs. Spurgeon, who suffered from poor eyesight, to sign certain documents authorizing him to withdraw her money held by local financial institutions. Petitioner made the following withdrawals from Mrs. Spurgeon's checking *42 and savings accounts: Bank Name
Withdrawal Date
Amount
Great West Savings
5/26/66
$ 9,000
6/1/66
9,500
First National Bank
of Longmont
6/17/66
$ 3,000
6/21/66
5,000
TOTAL
$26,500
The funds withdrawn were not returned to Mrs. Spurgeon, but were retained by petitioner. In May 1967, petitioner was convicted of illegally obtaining $9,000 from Mrs. Spurgeon during 1966 by means of confidence game and of conspiring to commit confidence game. Petitioner was also convicted of illegally selling bulk marijuana to Federal agents in 1966 and of robbery in 1970. The Commissioner, in his statutory notice of deficiency, determined that petitioner received unreported taxable income during 1966 consisting in part of $26,500 wrongfully appropriated from Mrs. Spurgeon and further determined additions to tax under sections 6651(a), 6653(a) and 6654(a) in the amounts of $2,245, $449, and $209.54, respectively. OPINION The first question for decision is whether petitioner is taxable on $26,500 withdrawn by him from various accounts of Mrs. Margaret Spurgeon during 1966. Respondent contends that the withdrawal authorizations were obtained by petitioner *43 while posing as a Federal agent investigating local banks and that the withdrawn funds were retained by petitioner. Petitioner maintains that he was acting at Mrs. Spurgeon's request and as her attorney in withdrawing the funds and that the funds were subsequently returned to her. The only evidence presented by petitioner in support of his position was his testimony and four receipts totaling $26,500 bearing the signature of Mrs. Spurgeon. Portions of the testimony of Mrs. Spurgeon, now deceased, received at the prior criminal proceeding were introduced pursuant to an order of this Court dated October 23, 1975. She testified in that proceeding that none of the withdrawn funds were ever returned to her and that she never signed a receipt evidencing their return. After carefully considering the testimony of petitioner in light of his demeanor at trial and his prior criminal convictions, we simply do not find his version of the facts credible and are convinced that he never returned the withdrawn funds to Mrs. Spurgeon. Accordingly, we conclude that petitioner received unreported income in the amount of $26,500 as a result of the retention of Mrs. Spurgeon's funds. James v. United States,366 U.S. 213 (1961). *44 Respondent also determined additions to tax under section 6651(a), 6653(a) and 6654(a). Petitioner offered no evidence on these issues other than his assertion that he did not retain the funds withdrawn from Mrs. Spurgeon's accounts. Accordingly, we hold that petitioner has failed to meet his burden of proof and is liable for the additions to tax as determined by respondent. Robert L. Bunnel,50 T.C. 837 (1968); Estate of Barney Ruben,33 T.C. 1071 (1960); Rule 142(a), Tax Court Rules of Practice and Procedure.
Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩