HOMER T. ESTES, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estes v. Commissioner
Docket No. 8349-79.
United States Tax Court
T.C. Memo 1981-78; 1981 Tax Ct. Memo LEXIS 671; 41 T.C.M. (CCH) 947; T.C.M. (RIA) 81078; February 23, 1981. Homer T. Estes, Jr., pro se. Thomas G. Potts, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined a $ 966 deficiency in petitioner's 1977 income tax, plus a $ 225.98 addition to the tax under section 6651(a)(1) [1] for failure to file a tax return, a $ 48.30 addition to the tax under section 6653(a) for disregard of rules and regulations, and a $ 33.16 addition to the tax under section 6654 for failure to pay estimated taxes. *672 All the facts have been stipulated and are incorporated herein. At the time he filed his petition, petitioner resided in Amarillo, Texas. Petitioner filed a Form 1040A for 1977 with 12 pages of irrelevant attachments which disclosed nothing regarding his income or deductions. On the Form 1040A petitioner entered his name, address, and occupation, reported interest income of $ 153.77 and dividends of $ 124.50. He also checked the box indicating he was single and claimed himself as an exemption. Oneach of the remaining lines of the Form 1040A except one he entered the words "Object: Self-incrimination." On line 14, amount to be refunded, he entered the word "None." The Form1040A was signed by petitioner and dated April 14, 1978. In his statutory notice, respondent determined that petitioner failed to report $ 8,842.00 of income, namely, (1) $ 1,144 as wages from Ben Wood Installation, (2) $ 1,220 as other income from Ben Wood Installation, and (3) $ 6,478 from Bolt Technical Corporation. Petitioner has the burden of showing that the statutory notice is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. *673 When this case was called for trial, petitioner refused to submit any evidence on the basis of the fifth amendment privilege against self-incrimination. There is no basis in the record for petitioner's claim of privilege. As we stated in Roberts v. Commissioner,62 T.C. 834, 838 (1974): The petitioner's assertion of an apparently baseless claim of the fifth amendment does not shift the burden of proof to the Commissioner and afford the petitioner a procedural windfall. Petitioner has failed to carry his burden. [2]
Petitioner has the burden of proving that his underpayment was not due to negligence of intentional disregard of rules and regulations. Bixby v. Commissioner,58 T.C. 757, 791 (1972). Petitioner has offered no evidence on this issue and, accordingly, we hold he is liable for the penalty. The addition to tax under section 6654 for failure to pay *674 estimated taxes is mandatory unless petitioner shows that he fits within one of the exceptions listed in section 6654(d). Sec. 1.6654-1(a)(1), Income Tax Regs.; Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960). Petitioner has failed to demonstrate the applicability of any of the exceptions. The final addition to tax is asserted under section 6651(a) for failure to file a timely return. In order for a document to constitute a tax return of a taxpayer, it must contain sufficient data from which respondent can compute and assess his liability with respect to a particular tax. Cupp v. Commissioner,65 T.C. 68, 79 (1975), affd. without published opinion 559 F.2d 1207 (3rd Cir. 1977). The Form 1040A filed by petitioner in this case falls woefully short of being a valid return for purposes of section 6651(a). Petitioner bears the burden of proving that his failure to file timely was due to reasonable cause. See Fischer v. Commissioner,50 T.C. 164, 177 (1968). Unsubstantiated fifth amendment objections as reasons for failing to supply information necessary for a correct computation of taxes owed does not meet *675 this burden. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. In his brief, petitioner contends that compensation for labor does not constitute income within the meaning of the 16th amendment. This contention has been rejected in the past. See Crisman v. Commissioner,T.C. Memo. 1980-361↩ (1980), and cases cited therein.