JAMES M. DUNIVEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Duniven v. Commissioner
Docket No. 7753-80.
United States Tax Court
T.C. Memo 1981-656; 1981 Tax Ct. Memo LEXIS 88; 42 T.C.M. (CCH) 1655; T.C.M. (RIA) 81656; November 10, 1981. *88 Held: Respondent's determination of additions to tax under sections 6651(a), 6653(a), and 6654 sustained. James M. Duniven, pro se. Elaine T. Moriwaki, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: Respondent determined the following deficiencies and additions to tax in petitioners' Federal income taxes for 1974 and 1975: Section
Section
Section
Year
Deficiency
6651(a)
6653(a)
6654
1974
$ 5,810.08
$ 1,452.52
$ 290.50
$ 184.86
1975
2,374.81
593.70
118.74
102.54
At trial the parties orally stipulated that an agreement had been reached *89 relating to the deficiencies for the taxable years in question. [1] Accordingly, the only issues remaining for our decision concern the applicability of the corresponding additions to tax asserted by respondent under sections 6651(a), 6653(a), and 6654. [2]
The additions to tax determined by the respondent under sections 6651(a), 6653(a), and 6654 are for failure to file a tax return, negligence or intentional *90 disregard of rules and regulations, and failure to pay estimated income tax, respectively. Section 6651(a) provides that in case of a taxpayer's failure to timely file a return, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect," an addition to tax shall be imposed. Section 6653(a) provides that if any part of the underpayment of tax "is due to negligence or intentional disregard of rules and regulations * * * there shall be added to the tax an amount equal to 5 percent of the underpayment." Petitioner has the burden to prove that his failure to file returns for the taxable years 1974 and 1975 was due to reasonable cause and that his failure to pay the tax due was not attributable to negligence or intentional disregard or rules and regulations in order to avoid the imposition of these additions to tax. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Mr. Duniven did not present any evidence to permit this Court to find that respondent's determinations were in error. Accordingly, respondent's determinations are sustained. Respondent also determined that petitioner *91 is liable for an addition to tax under section 6654 for failure to pay estimated income tax. Petitioner was self-employed during 1974 and 1975. He testified that he relied on his bookkeeper who in turn relied on advice from the Internal Revenue Service that such payments were not necessary. Although we sympathize with petitioner's position, the law is clear that the provisions of section 6654(a) are mandatory and this Court is not free to grant relief based on reasonable cause or lack of negligence. Estate of Barney Ruben v. Commissioner, 33 T.C. 1071 (1960). Respondent's determination is therefore sustained. Decision will be entered under Rule 155. Footnotes
1. The parties agreed that for the taxable year 1974 petitioner had gross income of $ 26,181.16 and deductible Schedule C business expenses of $ 13,539. As to the 1975 taxable year it was agreed that petitioner had gross income of $ 3,959.11 and deductible Schedule C business expenses of $ 2,392.56. For both years it was also agreed that petitioner is entitled to two personal exemptions and has the option to use either the standard deductions or to itemize deductions. These concessions by the parties will also affect the amounts of the additions to tax asserted by the respondent. These adjustments will be made during the Rule 155 computation. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years at issue.↩