RALPH L. CARMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carman v. Commissioner
Docket No. 21010-84.
United States Tax Court
T.C. Memo 1986-281; 1986 Tax Ct. Memo LEXIS 330; 51 T.C.M. (CCH) 1395; T.C.M. (RIA) 86281; July 7, 1986. *330 Held: Additions to tax for fraud found against petitioner who failed to file Federal income tax returns and filed false withholding statements for the years in issue. Held further, addition to tax found against petitioner for failure to pay estimated tax. Held further, respondent's request for damages granted. Ralph L. Carman, pro se. Lynn C. Washington, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined deficiencies and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency
Section 6653(b) [1]
Section 6654
1980
$4,749.84
$2,374.92
$100.77
1981
9,996.00
4,998.00
767.91
Alternatively in his answer respondent claims additions to tax under sections 6651(a)(1) and 6653(a) for each year. This case was set for trial at the trial session of this Court at Tampa, Florida, beginning *332 on February 25, 1985. Prior thereto and pursuant to our Standing Pre-trial Order, we were advised by respondent that petitioner had unreasonably declined to stipulate pursuant to Rule 91. Accordingly on February 1, 1985, we issued an order to petitioner to show cause at said trial session why the facts in respondent's proposed stipulation of facts should not be deemed stipulated. Petitioner failed to reply to the Order to Show Cause and did not appear when his case was called from the calendar at Tampa on February 25, 1985. The Order to Show Cause was made absolute and the facts deemed stipulated. This case is now before the Court on respondent's motion for judgment on the pleadings and for damages made at the oral hearing of this case. For convenience our Findings of Fact and Opinion are combined. The facts as deemed stipulated are so found. The stipulation of facts and attached exhibits are incorporated herein. At the time of filing his petition, petitioner resided in Tampa, Florida. For years prior to 1980, petitioner filed income tax returns reporting his wages as income. During the years 1980 and 1981, petitioner received compensation for his labor as a construction *333 worker from various companies. Each company sent petitioner a Form W-2 (Wage and Tax Statement) which set forth the amount petitioner was paid during the year. Petitioer did not file Federal income tax returns for either 1980 or 1981. In addition, during each year in issue, petitioner filed false Forms W-4 (Employees Withholding Allowance Certificates) with some or all of his employers wherein he claimed that he was exempt from withholding of Federal income tax. [2]
*334 In the notice of deficiency respondent advised petitioner that if he instituted a frivolous and/or groundless proceeding an award of damages pursuant to section 6673 would be sought. Respondent included the pertinent language of this section in the notice. In his answer, respondent formally requested that damages pursuant to section 6673 be awarded. Initially, we note that determinations made by respondent in the notice of deficiency are presumed correct and petitioner has the burden of proving otherwise. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). The first issue to be resolved in this case is whether petitioner is liable for income tax on wages received by him from numerous construction companies he worked for in 1980 and 1981. Petitioner claims in his petition that compensation received by him during 1980 and 1981 is not taxable because he received the compensation in exchange for his labor. This position has repeatedly been rejected by this Court and is without merit. Abrams v. Commissioner,82 T.C. 403, 407 (1984), and cases cited therein. Gross income means all income from whatever source derived including (but not *335 limited to) wages. Section 61. Income as defined under the 16th Amendment is "gain derived by capital, from labor, or from both combined." Eisner v. Macomber,252 U.S. 189, 207 (1920). The wages received by petitioner are thus taxable income. Accordingly, we sustain respondent's determination that the wages received by petitioner in 1980 and 1981 and taxable income. The next issue is whether petitioner is liable for the additions to tax for fraud under section 6653(b), or in the alternative, under sections 6651(a)(1) and 6653(a). If we find petitioner liable for the section 6653(b) addition, we do not consider respondent's alternative claims with respect to sections 6651(a) and 6653(a). Sections 6653(b)(3) and 6653(d). Under section 6653(b) respondent has the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b).To meet this burden, respondent must show that the taxpayer intended to mislead or otherwise prevent collection of taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Rowlee v. Commissioner,80 T.C. 1111 (1983). The existence of fraud is a question of fact to be resolved *336 upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978); Estate of Pittard v. Commissioner,69 T.C. 391 (1977). Fraud is not to be imputed or presumed. Beaver v. Commissioner,55 T.C. 85 (1970). Fraud may be proven by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may be examined to establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Based on the record [3] before us, respondent has carried his burden of showing fraud by clear and convincing evidence. Petitioner filed returns prior to 1980, demonstrating his awareness of his obligation to pay taxes. Yet petitioner failed to file returns for the years 1980 and 1981. Moreover, in 1980 and 1981, petitioner repeatedly filed false Forms W-4, claiming he was exempt from Federal withholding. See, e.g., Habersham-Bey v. Commissioner,78 T.C. 304 (1982); *337 Pavlic v. Commissioner,T.C. Memo. 1984-182, 47 T.C.M. 1489, 53 P-H Memo. T.C. par. 84,182, affd. in an unpublished opinion 760 F.2d 260 (3d Cir. 1985). Viewing the record as a whole, we sustain respondent's determination finding petitioner liable for additions to tax pursuant to section 6653(b) for the years in issue. We turn now to respondent's claim for additions to tax under section 6654 for failure to pay estimated tax. The addition to tax under section 6654 is mandatory unless petitioner is within one of the statutory exceptions. Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960); Pavlic v. Commissioner,T.C. Memo. 1984-182, 53 P-H Memo T.C. at 84-653, 47 T.C.M. at 1491. Petitioner has the burden of proof on this issue and he has offered no evidence to bring himself within any of the exceptions for either *338 1980 or 1981. Accordingly, respondent is sustained on the additions to tax under section 6654. Finally, we turn to respondent's request for damages pursuant to section 6673. Respondent renewed this claim by oral motion when petitioner failed to appear at trial. The Court may award damages to the United States of up to $5,000 whenever it appears that the proceedings have been instituted or maintained primarily for delay or that the taxpayer's position is frivolous or groundless. Section 6673; Abrams v. Commissioner,82 T.C. 403, 408-413 (1984). The position taken by petitioner in this case, that his compensation for his labor is not taxable, has been rejected repeatedly by the courts. Moreover, respondent specifically set forth the pertinent part of section 6673 in his statutory notice of deficiency, alerting petitioner to the damages awardable in the event a frivolous or groundless position was taken. Despite such notice, petitioner continued to maintain his frivolous position. While petitioner has every right to challenge respondent's assertion of fraud, his course of conduct does not convince us that he intended to do anything more than delay the payment *339 of the tax. [4] Petitioner filed a frivolous Motion to Dismiss denied by us on September 20, 1984; he reaffirmed his frivolous claims in a reply filed on October 11, 1984; and on January 28, 1985 he filed a "Request for Information" which we treated as a motion and denied on February 1, 1985. As respondent's letter to us dated January 28, 1985 reflects, petitioner was in Tampa and available by telephone as late as January 24, 1985.Petitioner was fully aware that his case was set for trial. He refused to agree to the proposed stipulation apparently without case. Moreover, we note from the pleadings filed by petitioner that either he himself is well educated with some knowledge of law or he was being advised by a person with those qualifications. Thus, notwithstanding that we have found fraud, petitioner has so maliciously misused the processes of this Court that damages are fully justified. See, e.g., Granado v. Commissioner,    F.2d    (7th Cir. 1986). Petitioner's positions in this proceeding are frivolous and the proceeding was instituted and maintained primarily for delay. Therefore, we award damages to the United States in the amount of $2,500. *340 Based on the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The following is a summary of the wages petitioner received during 1980 and 1981. On the dates indicated petitioner filed false Forms W-4 claiming that he was exempt from withholding of income. W-4
Company
1980
1981
Filing Date
Southeastern Construction
and Maintenance, Inc.
$1,772.71 *
P.J. Pedone & Co. Inc.
5,130.21 *
Universal Corporation
544.40 *
Curry Instruments &
9/29/80,
Electrical Services
7,416.48
11/28/80 Industrial Maintenance
Contractors
3,033.61
$3,176.67
5/4/81 Mulberry Construction Company
588.01
530.79
12/23/80,
3/18/81 Leonard Construction Company
851.99
1/15/81 Catalytic, Inc.
2,475.31
2/23/81 Power Piping Company
636.24
5/11/81 Central Maintenance and
Welding, Inc.
8,407.51
5/21/81 Bechtel Power Corporation
7,624.77
9/25/81 The Bared Company, Inc.
2,429.39
4/4/81 Southern Instruments, Inc.
3,694.53
11/6/81 * Neither respondent nor petitioner has provided evidence as to whether Forms W-4 were filed with these employers. However, we note that in respondent's notice of deficiency for 1980, respondent recognized that $2,537.95 had been withheld from petitioner's wages. Petitioner sought return of this sum in his Motion to Dismiss for Cause filed September 7, 1984.↩
3. It should be noted that while petitioner formally denied respondent's allegations of fraud, his denials were nonspecific. Also petitioner failed to respond to the Order to Show Cause and in fact informally advised respondent's counsel that he agreed with the facts in the proposed stipulation.↩
4. See, e.g., Samuelson v. Commissioner,T.C. Memo. 1985-561↩.