JOY ALLYN TROUT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trout v. Commissioner
Docket No. 7014-91
United States Tax Court
T.C. Memo 1992-696; 1992 Tax Ct. Memo LEXIS 738; 64 T.C.M. (CCH) 1474; December 7, 1992, Filed *738 Decision will be entered under Rule 155. For Joy Allyn Trout, pro se. For Respondent: Robin Kaufer. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
Sec. 6654(a)
1975
$ 5,343
$ 1,336
$ 267
$ 231
1976
4,314
1,022
216
150
1977
4,936
536
247
51
1978
11,665
2,916
583
372
All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issue for decision is whether petitioner qualifies as an innocent spouse under section 66 with respect to the income earned by her husband during the years 1975 through 1978. FINDINGS OF FACT Some of the facts have been stipulated. The stipulated facts and attached exhibit are incorporated herein by this reference. Petitioner resided in Los Angeles, California, at the time she filed this petition. During the taxable years in issue, petitioner was married to Dennis Trout. Petitioner lived with her husband at the same address *739 in California, until they separated sometime in 1975. At the time of the separation, petitioner and Dennis Trout had been married for 19 years and had three minor children. Thereafter, they maintained separate domiciles in California. In September 1978, petitioner obtained a legal separation and continued to live separately from her husband through 1982, when they divorced. Petitioner was unemployed during all the years in issue; her household was fully supported by Dennis Trout. Neither of the Trouts filed income tax returns during the years in issue. Neither of the Trouts have records to substantiate the amount of support actually given. Dennis Trout operated broadcasting schools for KIIS Radio and was also an independent salesman. During certain of the years at issue, Mr. Trout also received wages and a distributive share of S-corporation income. His total income for each of the years at issue was as follows: Year
Amount
1975
$ 41,000
1976
36,700
1977
39,724
1978
66,642
In a notice of deficiency, respondent determined that the income earned by Mr. Trout was community property under the laws of California and that petitioner was required to report one-half *740 of such income. ULTIMATE FINDING OF FACT For 1975, petitioner knew, or had reason to know, that Mr. Trout had income of only $ 18,000. OPINION Section 66(a) states: (a) Treatment of Community Income Where Spouses Live Apart. -- If -- (1) 2 individuals are married to each other at any time during a calendar year; (2) such individuals -- (A) live apart at all times during the calendar year, and (B) do not file a joint return under section 6013 with each other for a taxable year beginning or ending in the calendar year; (3) one or both of such individuals have earned income for the calendar year which is community income; and (4) no portion of such income is transferred (directly or indirectly) between such individuals before the close of the calendar year, then, for purposes of this title, any community income of such individuals for the calendar year shall be treated in accordance with the rules provided by section 879(a). Section 66, a relief provision, was not added to the Internal Revenue Code until December 1980. In July 1984 the section was amended to apply to all taxable years to which the Internal Revenue Code of 1954 applied and to all taxable years to which *741 the 1939 Code applied. Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 424(c)(1), 98 Stat. 803. Thus, it is evident that section 66 applies to the case at bar. For purposes of section 66, the term "community income" means income which, under applicable State law, is treated as community income. Sec. 66(d)(2) and (3). At trial, respondent conceded that under California community property law, the income of separated spouses, i.e., spouses that have separated without the intention to continue their marital relationship, is not community property. California Civil Code section 5118 (West 1971) states "that the earnings and accumulations of a spouse and the minor children living with, or in the custody of, the spouse, while living separate and apart from the other spouse, are separate property of the spouse." Petitioner separated from her husband in 1975. They maintained separate domiciles until their divorce in 1982, with no intent to reconcile. However, respondent now contends that for tax years 1976, 1977, and 1978, after the Trouts had physically separated, petitioner should be taxed only on the portion of support paid by Mr. Trout which would be allocable to herself, *742 but not the amount allocable to the children. We disagree. Inasmuch as the earnings of Mr. Trout were his separate property after the separation, petitioner had no taxable income during 1976, 1977, and 1978.[1]Section 66(a)(4) (regarding transfers) applies only to community property. In California, amounts transferred to petitioner in support of herself and the children during a separation are not thereby transformed into community property. See Burkhart v. Burkhart, 180 Cal. App. 3d 198 (1986). Accordingly, we conclude that petitioner had no taxable income in 1976, 1977, and 1978, thus no income tax liability or additions to tax. We now turn to 1975. Respondent contends that for tax year 1975, the year in which the Trouts separated, Mr. Trout's income is deemed community property and petitioner *743 is liable for the tax on one-half of his earnings for the entire year. Petitioner is not helped by section 66(a) because that section applies only to individuals who live apart at all times during the calendar year. Neither is she aided by State law, since she is unable to recall exactly when in 1975 she and Mr. Trout separated. However, under section 66(c) a spouse is relieved of liability in certain other cases. [2] If -- (1) an individual does not file a joint return for any taxable year, (2) such individual does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse, (3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and (4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income, then, for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not in the gross income of the individual). *744 It is uncontroverted that petitioner meets requirements (1) and (2). We have already found that Mr. Trout had multiple sources of income and that petitioner knew, or had reason to know, that he had income of only $ 18,000 in 1975. Petitioner did not know of, or had no reason to know of, the balance of Mr. Trout's income. We turn therefore to the remaining requirement. The fourth prong of section 66(c) is whether, taking into account all facts and circumstances, it is inequitable to include such items of community income in petitioner's gross income. We conclude that it would be inequitable. We are convinced that petitioner did not benefit from the income in question beyond normal support. During the time she lived with Mr. Trout, *745 her standard of living was meager. Her dwellings were rented, she drove an old car, and she had no credit cards. She took nothing away from the marriage except an older, used automobile. Moreover, 16 years passed between the time petitioner and Mr. Trout separated and the time she received a notice of deficiency from respondent concerning her former husband's earnings, of which she knew little or nothing even at the time. We believe it would be inequitable to hold her liable for any amount greater than that of which we have found she knew or had reason to know. Respondent recognizes that to the extent section 66 does not shield petitioner, only one-half of Mr. Trout's income is taxable to petitioner. We therefore hold that petitioner is liable for a deficiency in income tax on 50 percent of $ 18,000, or $ 9,000 for 1975. The next issue to be decided is whether the additions to tax for 1975 for failure to file under section 6651(a)(1) and for negligence under section 6653(a) should be imposed. Considering all the facts and circumstances, we hold petitioner is not liable for these additions to tax. Finally, respondent determined petitioner was liable for the addition to tax *746 under section 6654 for failure to estimate the amount of taxes due during the years in issue. Unless petitioner falls within certain narrow exceptions, the imposition of this penalty is mandatory, and extenuating circumstances are not a basis for relief. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980); Estate of Ruben v. Commissioner, 33 T.C. 1071-1072 (1960). Since petitioner has failed to establish that she falls within an exception, we sustain respondent's determination for 1975. To reflect the foregoing and the concessions made by respondent, Decision will be entered under Rule 155.
Footnotes
1. Respondent does not contend that the arrangement between petitioner and Mr. Trout gave rise to alimony income under sec. 71. Thus, we need not, and do not, decide any such issue.↩
2. Sec. 66(b)↩, which gives respondent authority to disregard community property laws under circumstances such as are here present, applies only to taxable years beginning after Dec. 31, 1984. Respondent charged Mr. Trout with only 50 percent of the income, and his case is now closed.