STAN NAGRABA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nagraba v. Commissioner
Docket No. 19754-92
United States Tax Court
T.C. Memo 1994-450; 1994 Tax Ct. Memo LEXIS 456; 68 T.C.M. (CCH) 670; September 7, 1994, Filed *456 Decision will be entered for respondent. Stan Nagraba, pro se. For respondent: Derek B. Matta. COUVILLION
COUVILLION
COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined, with respect to petitioner's 1983 tax year, a deficiency in Federal income tax of $ 2,434, an addition to tax under section 6651(a)(1) of $ 1,190, additions to tax under section 6653(a)(1) and (2), respectively, of $ 238 and 50 percent of the interest due on the deficiency, and an addition to tax under section 6654(a) in the amount of $ 143. The issues for decision are: (1) Whether petitioner is entitled, under section 162(a), to an itemized deduction of $ 7,458 for educational expenses or, alternatively, for unreimbursed employee business expenses, and (2) whether petitioner *457 is liable for the additions to tax. Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was McAllen, Texas. During 1983, petitioner was employed as a senior test engineer with System Industries at Milpitas, California. His employer made computer disk drive equipment. Sometime shortly before, during, or shortly after 1983, petitioner's employer was in the process of purchasing another computer company, and petitioner was assigned the task of getting a new product of his employer into production at the newly acquired company. This work was apparently different from what petitioner had been doing, and it was necessary that he develop a certain type of programming. The development work for this project took several months to complete, and it required petitioner to learn certain techniques he was previously not familiar with. Petitioner was required to do this work at home. Petitioner did not attend any school, took no courses, nor did he receive any type of instruction for the work he did in connection with the computer program he *458 was developing. However, during 1983, he spent $ 7,458 for computers, computer hardware and software, computer supplies, books, and furniture. On his 1983 Federal income tax return, petitioner claimed the $ 7,458 as an itemized educational expense deduction. In the notice of deficiency, respondent disallowed the deduction on the ground that the amount claimed did not qualify as an educational expense, nor did the amount claimed constitute an ordinary and necessary employee business expense. Sometime in December 1990, the Internal Revenue Service (IRS) contacted petitioner because the IRS had no record of petitioner's having filed a Federal income tax return for 1983. Petitioner met with an IRS agent on December 3, 1990, and advised the agent that he had filed a 1983 return. Petitioner further advised the agent that he had not retained a copy of his return, although petitioner had retained the rough draft from which he had prepared his return. He presented this draft to the agent, which was handwritten, unsigned, and not dated. The agent made a copy of this draft, and, upon procuring petitioner's signature, the document was, on December 12, 1990, accepted and filed by the IRS *459 Service Center. The return reflected salary and wage income of $ 39,967.37, no income tax withholding or credits, and a tax due and owing of $ 2,327. Petitioner did not pay this amount and represented to the agent that his 1983 taxes had been paid from July through August 1984 in amounts totaling $ 5,150.57 through a levy by the IRS of his wages. Petitioner initially contended that he filed his 1983 income tax return by certified mail, return receipt requested, on April 5, 1984. At trial, he admitted that this was incorrect, and that his certified mailing to the IRS on that date related to a penalty for the filing of an IRS Form W-4, relating to his 1984 withholding taxes. However, petitioner contended he filed his 1983 return by certified mail, return receipt requested, on February 9, 1984, and, at the request of the IRS, he mailed a copy of his 1983 return to the IRS, by certified mail, return receipt requested, on December 24, 1984. [2] In none of these mailings did petitioner enclose a cover letter. Petitioner stated that he filed his 1983 return by certified mail because of news reports that employees of the IRS Service Center at Fresno, California, where his returns were *460 required to be filed, were shredding returns. In his certified mailings, petitioner did not include any payments for his 1983 income tax. Addressing the first issue, although educational expenses are deductible under section 162(a) under certain conditions not pertinent here, the term "expenditures for education" includes, in general, "refresher courses or courses dealing with current developments as well as academic or vocational courses". Sec. 1.162-5(c)(1), Income Tax Regs. Petitioner did not take any refresher courses, nor did he enroll in any academic or vocational institution. The $ 7,548 petitioner claimed as a deduction on his 1983 income tax return was not an educational expense within the intent and meaning of section 1.162-5, Income Tax Regs. However, expenses incurred by an employee that are not reimbursed by his *461 employer are generally deductible pursuant to section 162(a), which allows a taxpayer a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). [3] To qualify for the deduction, the expense must be both "ordinary" and "necessary" within the meaning of section 162(a). Deputy v. duPont, 308 U.S. 488, 495 (1940). Whether the amount disallowed by respondent constitutes an ordinary and necessary expense incurred in the operation of the taxpayer's trade or business as an employee is a question of fact to be determined from the evidence presented with the burden being on the taxpayer to overcome the presumed correctness of respondent's determination. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Allen v. Commissioner, T.C. Memo. 1988-166. *462 Respondent agreed that petitioner incurred $ 7,458 for computer equipment and related items during 1983. However, the only evidence that these expenditures were incurred by petitioner as an ordinary and necessary expense of his trade or business as an employee was his testimony. There was no other evidence presented to corroborate petitioner's testimony that such a substantial expense was required by his employer or that an expense of this nature and amount would not have been reimbursed.[4] Deductions are a matter of legislative grace, and taxpayers are required to, among other requisites, support their claims. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). In Stolk v. Commissioner, 40 T.C. 345, 357 (1963), affd. 326 F.2d 760 (2d Cir. 1964), this Court stated: "Petitioner failed to prove that as part of his duties the corporation expected or required him to assume and pay from his own funds any of the disputed expenses, without repayment." In Hibbs v. Commissioner, T.C. Memo. 1986-107, in disallowing claimed employee business expenses, this Court held: *463 "the record contains no evidence in support of petitioner's assertions other than her vague, self-serving, and at times contradictory testimony. Consequently, while we are satisfied that * * * [the expenses were incurred], we have no basis for a finding * * * that their expenditure qualifies for deduction under section 162(a)". The Court holds that petitioner here has not sustained his burden of establishing that the expenses he incurred during 1983 represented ordinary and necessary expenses of his trade or business, and that such expenses are deductible as unreimbursed employee business expenses. In disregarding petitioner's testimony on the deductibility of these expenses, the Court is influenced to a large extent by petitioner's lack of credibility in several respects. See supra note 2 and the discussion that follows. Respondent, therefore, is sustained on this issue. *464 Respondent determined the addition to tax under section 6651(a)(1) for the reason that petitioner's 1983 return was not timely filed. Section 6651(a) provides for an addition to tax for the failure to timely file a return, unless the failure to timely file is due to reasonable cause and not due to reasonable neglect. Under section 6072(a), income tax returns must be filed on or before the 15th day of April following the close of the taxable year, subject to exceptions not pertinent here. Petitioner contended he filed his 1983 return before April 15, 1984. However, in making this assertion, petitioner took conflicting positions. Initially, he contended he mailed his return on April 5, 1984, by certified mail. However, when he was advised that this correspondence to the IRS was not his tax return but rather involved a Form W-4 withholding problem for a different year, petitioner then took the position that another certified mailing, February 9, 1984, was that of his 1983 income tax return. That position is of very little merit because petitioner did not include in the mailing a cover letter by which he could have corroborated that mailing as being that of his tax return. In *465 the audit of petitioner's return, this mailing receipt was never presented to respondent's Appeals Office. Petitioner's testimony on this issue was effectively discredited by his statement that, in response to a request by the IRS, he mailed a copy of his 1983 return to the IRS by certified mail on December 24, 1984. However, petitioner's records, a computer diary he kept, introduced into evidence at trial, showed that this December 24, 1984, mailing related to petitioner's 1980 tax year. It is ironic that, as suspicious as petitioner was of IRS employees shredding income tax returns that motivated petitioner to take the precaution of filing his return by certified mail, return receipt requested, he did not take the most practical precaution of at least retaining a copy of his return for his records. On this record, the Court holds that petitioner's 1983 return was not filed with the IRS until December 12, 1990, when the signed draft was accepted and filed with the IRS Service Center. Respondent, therefore, is sustained on this issue. Respondent determined petitioner was liable for additions to tax under section 6653(a)(1) and (2). Section 6653(a)(1) provides that, if any part *466 of an underpayment of income tax is due to negligence or intentional disregard of rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(2) provides for an additional amount equal to 50 percent of the underpayment attributable to negligence or intentional disregard of rules or regulations. Negligence is defined as lack of due care or failure to do what a reasonable and ordinarily prudent person would do under like circumstances. Neely v. Commissioner, 85 T.C. 934 (1985). The record of this case is replete with evidence that, in addition to not timely filing his 1983 income tax return, petitioner took not only inconsistent positions but positions intended to confuse IRS personnel regarding payments of taxes petitioner contended were for his 1983 tax liability, when, in fact, such payments related to petitioner's other tax years. The additions to tax under section 6653(a)(1) and (2) are sustained. Respondent determined that petitioner was liable for the addition to tax under section 6654(a) for failure to pay estimated tax. This addition to tax is applicable where there is an underpayment *467 of estimated tax, subject to exceptions or waivers that are not applicable here. Sec. 6654(e). In general, estimated income tax payments are used to provide for payment of income taxes not collected through withholding. Section 6654(c) provides for four quarterly installments. Income taxes withheld from salaries or wages apply toward the amount of each required quarterly installment; however, to the extent withholdings do not satisfy the required quarterly installments, the taxpayer is required to make supplemental quarterly payments of estimated taxes. Sec. 6654(f). Under section 6654(d), the amount of the four quarterly installments (including taxes withheld) generally must equal 80 percent of the tax for the year, or 100 percent of the tax for the preceding taxable year, whichever is less. [5] Where there is an underpayment of estimated tax, there is no exonerating provision, such as reasonable cause or lack of willful neglect. Estate of Ruben v. Commissioner, 33 T.C. 1071 (1960). In this case, no taxes were withheld from petitioner's wages during 1983, nor were any estimated payments made by him. The addition to tax under section 6654(a), *468 therefore, is sustained. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner failed to explain how he could have mailed a copy of his return to the IRS on that date when he told the IRS agent in 1990 that he had retained no copies of his 1983 return.↩
3. For tax years beginning on or after Jan. 1, 1987, miscellaneous itemized deductions, including unreimbursed employee business expenses, are deductible, under sec. 67(a), only to the extent that the aggregate miscellaneous itemized deductions exceed 2 percent of the taxpayer's adjusted gross income. Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085.↩
4. Petitioner's total income for 1983 was $ 39,967.37. The $ 7,458.49 at issue represented over 18 percent of his gross income. In addition to the claimed employee business expenses, petitioner claimed other itemized deductions totaling $ 14,908.28. The total itemized deductions of $ 22,366.77 represented almost 56 percent of petitioner's total income. Respondent made no adjustments to the other itemized deductions.↩
5. For tax years beginning after Dec. 31, 1986, sec. 6654(d) has been amended by sec. 1541(a) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2751, to provide that the required annual payment is 90 percent instead of 80 percent.↩