T.C. Summary Opinion 2005-124


UNITED STATES TAX COURT


MICHAEL T. CROW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 1611-04S, 6123-04S.    Filed August 15, 2005.


Michael T. Crow, pro se.

<u>Thomas M. Newman</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  These consolidated cases were heard pursuant to section 7463 in effect at the time the petition was filed.[1]  The decisions to be entered are not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

In separate notices of deficiency, respondent determined the following deficiencies and additions to tax for petitioner's 2001 and 2002 tax years:

| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
|------|------------|-----------------|-----------|
| 2001 | $13,060.70 | $ 636.18 | $ 55.01 |
| 2002 | 9,988.00 | 1,925.25 | 248.80 |

At trial, respondent filed written motions for imposition of the penalty under section 6673(a).

The issues for decision are: (1) Whether petitioner is liable for Federal income taxes for the 2 years in question on compensation he received from his employer for services he performed as an employee, for State income tax refunds, and, for the year 2001, on distributions received from a qualified pension plan; (2) whether petitioner is liable for the additions to tax under sections 6651(a)(1) and 6654 for the 2 years in question; and (3) whether petitioner is liable for the section 6673(a) penalty for the 2 years before the Court.

At trial, respondent conceded an income adjustment for the 2002 tax year for a State income tax refund of $3,186. Respondent agreed that petitioner did not claim an itemized deduction for State income taxes on his 2001 Federal income tax return; therefore, the refund of $3,186 to him during the year 2002 did not constitute income.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petitions were filed, petitioner was a legal resident of Manteca, California.

During the years in question, petitioner was employed as a mechanic by a trucking company, Martin-Brower. He received wages of $58,037 and $55,021, respectively, for the 2 years at issue. There was no testimony at trial by petitioner of the $7,167 distribution he received during the year 2001 from First Trust Corp., administrator of a qualified pension plan. That adjustment, therefore, is deemed conceded.

On his Federal income tax return for each of the 2 years at issue, petitioner claimed single filing status, a personal exemption for himself, and the standard deduction. All other lines on the returns are listed as "-0-", except for the Federal income taxes withheld, all of which were listed and claimed as overpayments, which were to be refunded to him. The withholdings shown on the returns are $10,516 and $2,287.74, respectively, for 2001 and 2002. The 2001 return is stamped received by the IRS on April 30, 2002, and the 2002 return is stamped May 1, 2003. Both returns also bear a stamp "Frivolous Return Program, Internal Revenue Service, Fresno, CA". Petitioner attached to each return a two-page signed typewritten statement containing classic tax protester statements such as that no section of the Internal

Revenue Code establishes an income tax liability; that his return was not being filed voluntarily but was being filed in order to avoid prosecution for failure to file a return; that, in the Ninth Circuit of the Federal Appellate Court system, a tax return (Form 1040) with all zeros on the return constitutes a valid return; and that he had zero income because there is no reference in the Internal Revenue Code for the taxation of wages, salaries, or compensation for personal services, along with several other arguments of this nature. Petitioner also attached to his returns the Forms W-2, Wage and Tax Statement, that had been issued by his employer.

Petitioner filed identical petitions in response to each notice of deficiency, alleging:

> Income tax is based on voluntary compliance and self-assessment income is not defined in the IRC. "Income" is defined by the Supreme Court as "Gains and profits derived from corporate activities". I never received a "Statutory" Notice Demand for payment. I am not "Statutorily Liable" for "Income" tax. I was never granted an administrative hearing as per due process. No IRS agent ever produced a "Delegation of Authority" to change my 1040 or assess any deficiency.

The Court rejects entirely petitioner's allegations and the same arguments he made at trial. Section 61(a)(1) defines gross income to include all income from whatever source derived, including, but not limited to, compensation for services rendered, whether such services are for a corporation, an

individual, or in a self-employed activity.  Petitioner's protester arguments have been heard on numerous occasions by this Court, as well as other courts, and have been consistently rejected.  The Court sees no need to further respond to petitioner's arguments with somber reasoning and copious citations of precedent, as to do so might suggest that his argument possesses some degree of colorable merit.  See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).  In short, petitioner is a taxpayer subject to the income tax laws, and he is liable for income tax on the compensation and other income paid to him during the years in question, none of which was questioned or denied.  His arguments are rejected.

Although not addressed by petitioner at trial, his gross income for 2001 includes the distribution to him of proceeds of a qualified pension plan.  Sec. 72.  Petitioner did not deny that he received the distribution, and he presented no argument relating thereto.  As noted earlier, the Court considers that income adjustment as conceded.

With respect to the second issue, section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect.  Petitioner's 2001 return was received by respondent on April 30, 2002.  His

2002 return was received by respondent on May 1, 2003.  United States citizens must file income tax returns on or before the 15th day of the fourth month following the end of their taxable years.  Sec. 1.6072-1(a), Income Tax Regs.  That date, for a calendar year taxpayer is April 15th.  Petitioner's returns, therefore, for the years 2001 and 2002 were required to be filed on or before, respectively, April 15, 2002, and April 15, 2003.  They were not received by respondent until April 30, 2002, and May 1, 2002, respectively.  Respondent, therefore, is sustained on this issue.[2]

Respondent determined that petitioner was liable for the addition to tax under section 6654(a) for failure to pay estimated tax.  This addition to tax is applicable where there is an underpayment of estimated tax, subject to exceptions or waivers that are not applicable here.  Sec. 6654(e).  In general, estimated income tax payments are used to provide for payment of income taxes not collected through withholding.  Section 6654(c) provides for four quarterly installments.  Income taxes withheld from salaries or wages apply toward the amount of each required quarterly installment; however, to the extent withholdings do not satisfy the required quarterly installments, the taxpayer is

---

[2]The Court notes that, even though the tax returns of petitioner contained primarily zeroes, respondent treated the returns as returns and did not impose a failure to file addition to tax against petitioner.  Sec. 7203.

required to make supplemental quarterly payments of estimated taxes. Sec. 6654(f). Under section 6654(d), the amount of the four quarterly installments (including taxes withheld) generally must equal 90 percent of the tax for the year, or 100 percent of the tax for the preceding taxable year, whichever is less. Where there is an underpayment of estimated tax, there is no exonerating provision, such as reasonable cause or lack of willful neglect. Estate of Ruben v. Commissioner, 33 T.C. 1071 (1960).

As noted earlier, taxes were withheld from petitioner's earnings for each of the years in question; therefore, petitioner's liability for the section 6654 addition to tax will depend on whether, after these prepayments are credited and a further credit is allowed in the Rule 155 computation, because of respondent's concession that the $3,186 State income tax refund received by petitioner during 2002 did not constitute gross income as determined in the notice of deficiency, the balances due are within or without the 90-percent rule of section 6654(d). To that extent, respondent is sustained on this issue.

Respondent filed a motion for imposition of the penalty under section 6673. Section 6673(a)(1) authorizes this Court to require a taxpayer to pay a penalty to the United States, in an amount not to exceed $25,000, whenever it appears that proceedings have been instituted or maintained by such taxpayer

primarily for delay, or that the taxpayer's position in a proceeding is frivolous or groundless.  A petition in the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  Prior to the trial, petitioner was advised by letter from the IRS that his positions were frivolous and could lead to sanctions against him if he persisted with such arguments.  At trial, respondent filed motions for imposition of the section 6673 penalty.  Throughout his testimony, petitioner dwelt solely on his protester arguments.  Those arguments are considered frivolous, and respondent's motion will be granted.  The Court will require petitioner to pay a penalty of $1,000 in each docket number.

Reviewed and adopted as the report of the Small Tax Case Division.

An Order and Decision will be entered for respondent in docket No. 1611-04S.

An Order and Decision will be entered under Rule 155 in docket No. 6123-04S.