T.C. Summary Opinion 2015-70

UNITED STATES TAX COURT

BAUDELIO LOPEZ IBARRA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22017-14S.                         Filed November 30, 2015.

Baudelio Lopez Ibarra, pro se.

<u>Mistala M. Cullen</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

---

[1] Unless otherwise indicated, all subsequent section references are to the
Internal Revenue Code in effect for 2010, the taxable year in issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined the following deficiency in, and additions to, petitioner's Federal income tax for 2010:

|  |  | Additions to Tax | | |
| --- | --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2010 | $9,025.00 | $1,301.40 | $1,070.04 | $116.32 |

Petitioner concedes that he was obliged, but failed, to file an individual income tax return for 2010 and that he received each of the items of income determined in the notice of deficiency. Respondent does not dispute that petitioner paid mortgage interest in 2010 in an amount that exceeds the standard deduction that was allowed in the notice of deficiency, which thereby serves to reduce the amounts of the deficiency and the additions to tax as originally determined. Remaining for the Court to decide is whether petitioner is liable for the additions to tax for failure to timely file, for failure to timely pay, and for failure to pay estimated tax. As discussed below, the Court holds largely for petitioner.

## Background

Petitioner resided in the State of Oregon at the time that the petition was filed with the Court.

During 2010 petitioner received a modest amount of retirement income from several sources and a similarly modest amount of income from employment.

In early 2011 petitioner was laid off from work.  At about the same time his wife Cheryl, who was already in ill health from a stroke and other chronic medical conditions, was diagnosed with pancreatic cancer after complaining about a pain in her side for some time.[2]  She died later that year at the end of the summer.

During the last months of her life Cheryl required round-the-clock care, which petitioner, together with other immediate family members, provided full time in his home.  Although petitioner had some health insurance, it was inadequate given the medical care that his wife required, and the family's resources were depleted.  At that point petitioner could no longer afford to pay for the oncologists and other medical specialists that Cheryl required, and her cancer treatment was relegated to naturopaths and other similar nonmedical providers who were willing to either reduce their fees or donate their services.

_____

[2] It is generally acknowledged that pancreatic cancer is an especially deadly form of cancer.  Fed. R. Evid. 201.

Unfortunately, naturopathy and other similar methods proved to be ineffective in treating Cheryl's cancer and, after a period of hospice care, also at home, she died.

Petitioner was distraught after the death of his wife, to whom he had been married for over 40 years, and it took some time for him to come to terms with her passing.[3]  After some period had elapsed and to help deal with his grief petitioner undertook to become a medical interpreter, and thereafter he both volunteered his time and worked for a company in that capacity.

During the course of his marriage petitioner's practice was to file joint returns with his wife.  Specifically for 2009, petitioner filed a joint return and reported tax of $4,119.  However, for 2010 petitioner did not file any return, nor did he pay any tax other than through withholdings.  Petitioner did file a return for 2011.

## Discussion

At trial respondent introduced evidence satisfying his burden of production under section 7491(c) as to the additions to tax for failure to file, for failure to pay, and for failure to pay estimated tax.  See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001); see also Wheeler v. Commissioner, 127 T.C. 200, 210 (2006),

_____

[3] It is generally acknowledged that the loss of a spouse, particularly one of long standing, has demonstrable emotional, mental, and physical affects.  Fed. R. Evid. 201.

aff'd, 521 F.3d 1289 (10th Cir. 2008).  Petitioner therefore bears the burden of proving that respondent erred in determining each of those additions to tax.  See Higbee v. Commissioner, 116 T.C. 438.

I.  Additions to Tax for Failure To File and for Failure To Pay

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return.[4]  The addition to tax may be avoided if the failure to file is due to reasonable cause and not due to willful neglect.  "Reasonable cause" contemplates that the taxpayer exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time.  United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  "Willful neglect" means a conscious, intentional failure or reckless indifference.  Boyle, 469 U.S. at 245.

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as a tax on a return on or before the date prescribed for payment of the tax.[5]

---

[4] Sec. 6651(g)(1) provides that in the case of any return made by the Commissioner under sec. 6020(b), such a return shall be disregarded for purposes of determining the amount of the addition to tax under sec. 6651(a)(1).

[5] Sec. 6651(g)(2) provides that in the case of any return made by the Commissioner under sec. 6020(b), such a return shall be treated as the return filed by the taxpayer for purposes of determining the amount of the addition to tax under sec. 6651(a)(2).

The addition to tax may be avoided if the failure to pay is due to reasonable cause and not due to willful neglect. "Reasonable cause" contemplates that the taxpayer exercised ordinary business care and prudence in providing for payment of the taxpayer's tax liability and was nonetheless unable to pay the tax or would suffer undue hardship if the tax were paid within the prescribed time. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. "Willful neglect" means a conscious, intentional failure or reckless indifference. Boyle, 469 U.S. at 245. The standard for reasonable cause under section 6651(a)(1) and (2) has been interpreted to be the same. See E. Wind Indus., Inc. v. United States, 196 F.3d 499, 504 n.5 (3d Cir. 1999); Russell v. Commissioner, T.C. Memo. 2011-81.

This Court has held that the illness of a taxpayer or a member of his or her immediate family may be reasonable cause for late filing if the taxpayer demonstrates that he or she could not file a timely return because of the illness. E.g., Williams v. Commissioner, 16 T.C. 893, 906 (1951); Tabbi v. Commissioner, T.C. Memo. 1995-463; Harris v. Commissioner, T.C. Memo. 1969-49; Hayes v. Commissioner, T.C. Memo. 1967-80. We think that this standard is satisfied in the instant case given the following: early in the filing season for the 2010 taxable year petitioner was laid off from work; at about the same time his wife, who was already in ill health from a stroke and other chronic medical conditions, was

diagnosed with pancreatic cancer, which is widely acknowledged as a particularly deadly form of cancer with an exceedingly low five-year survival rate, particularly among older women where the cancer has metastasized; his wife required ever-increasing care, culminating in full-time, round-the-clock care at home during the last months of her life; petitioner was a principal caregiver; his wife died later in the year at the end of the summer; and petitioner, distraught after the death of his wife to whom he had been married for over 40 years, required some time to come to terms with her passing.

Likewise, we think that petitioner's failure to pay tax was due to reasonable cause. Apart from the fact that tax withholding from petitioner's wages in 2010 would have satisfied in large part his tax liability for that year if he had been able to bring himself to file a joint return with his dying wife, petitioner would have suffered undue hardship if the tax were paid within the prescribed time. After all, although petitioner had some health insurance, the family's resources were soon depleted given the medical care that his wife required. Indeed, at some point petitioner could no longer even afford to pay for the oncologists and other medical specialists that his wife required, and her cancer treatment was relegated to naturopaths and other similar providers who were willing to reduce their fees or donate their services.

In sum, the Court holds that petitioner's failure to file and to pay is excused by reasonable cause under the unique circumstances present in this case. Consequently, respondent's determinations of the additions to tax are not sustained.

II.  Addition to Tax for Failure To Pay Estimated Tax

Section 6654 imposes an addition to tax for failure to pay estimated tax. Imposition of the addition is generally mandatory whenever prepayments of tax, either through withholding or the making of estimated quarterly payments, do not equal the amount required by the statute.  See sec. 6654(a); Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

The amount required by the statute, i.e., the taxpayer's "required annual payment", is the lesser of:  (1) 90% of the tax shown on the return for the taxable year or, if no return is filed, 90% of the tax for such year; or (2) 100% of the tax shown on the return for the preceding taxable year.  Sec. 6654(d)(1)(B). Petitioner's tax liability shown on his return for 2009 was $4,119, an amount that would appear to be less than 90% of his tax liability for 2010 (even after taking into account the mortgage interest deduction that respondent did not consider when computing the addition to tax in the notice of deficiency).

Unlike the other two additions to tax, the addition under section 6654 is not excused by reasonable cause and lack of willful neglect, and extenuating circumstances are, for the most part, irrelevant.  See Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960); see also Grosshandler v. Commissioner, 75 T.C. at 21.  But see section 6654(e)(3)(B) for an exception not applicable herein.

In view of the foregoing, we hold that petitioner is liable for the addition to tax under section 6654 in an amount less than that determined in the notice of deficiency.  The parties shall compute the correct amount of the addition as part of the Rule 155 computation.

## Conclusion

To give effect to our disposition of the disputed issues, as well as respondent's concession regarding the mortgage interest deduction,

Decision will be entered

under Rule 155.